1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$18,000 IN U.S. CURRENCY,<br>AND ANY ACCRUED INTEREST,<br><br>Defendant. | CASE NO.  CV20-1811<br><br>**VERIFIED COMPLAINT<br>FOR FORFEITURE *IN REM*** |

COMES NOW the United States, by and through its undersigned counsel, and alleges:

## I.  NATURE OF THE ACTION

1.  This is a civil *in rem* action for the forfeiture of $18,000 in U.S. currency seized by the United States Postal Inspection Service ("USPIS") from U.S. Postal Service Priority Express Mail Parcel #EJ092010531US on July 17, 2020 in Tukwila, Washington (the "Defendant Currency").

## II.  LEGAL BASIS FOR FORFEITURE

2.  The Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) (distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances).  Specifically, counsel for the

Verified Complaint for Forfeiture *In Rem* - 1
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET. SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

United States has a reasonable belief the government will be able to prove, to a preponderance at trial, that the Defendant Currency represents proceeds from the sale of controlled substances and/or moneys furnished for the purchase of controlled substances.

### III.    JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1345 (United States is plaintiff) and 1355(a) (action for forfeiture).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1355(b)(1)(A) (acts giving rise to the forfeiture occurred in this district) and 28 U.S.C.  § 1395(b) (the Defendant Currency was seized in this district).

5.      Pursuant to a seizure warrant issued in Western District of Washington, Cause No. MJ20-438, and executed on July 17, 2020, the U.S. Postal Inspection Service took custody of the Defendant Currency, and it remains in that agency's custody.

6.      As provided in Supplemental Rule G(3)(b)(i), the Clerk of Court is required to issue a warrant to arrest the Defendant Currency if it is in the government's possession, custody, or control.  As such, the Court will have *in rem* jurisdiction over the Defendant Currency when the accompanying Warrant of Arrest *In Rem* is issued, executed, and returned to the Court.

### IV.    FACTUAL BASIS FOR FORFEITURE

7.      On July 15, 2020, USPIS Postal Inspectors conducted interdiction operations targeting controlled substances and/or proceeds from illegal drug activity including from the unauthorized sale and distribution of controlled substances.  Part of the interdiction efforts were performed by searching databases of parcel information. These operations took place in many parts of Washington State, including at the Seattle Processing and Distribution Center, located at 10700 27th Avenue South, Tukwila, Washington, 98168.

8.      During the interdiction operations, U.S. Priority Express Mail Parcel #EJ092010531US ("the Parcel") was identified for further inspection.

Verified Complaint for Forfeiture *In Rem* - 2
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9.      The Parcel was a U.S. Postal Service Priority Express Mail box that measured approximately 13" x 10" x 13.5" and weighed approximately 7 pounds, 15 ounces.  It was shipped as two-day delivery and carried $91.65 in postage.  It was postmarked July 14, 2020, in Roanoke, Virginia.  The delivery confirmation number is #EJ092010531US.

10.      The Parcel was addressed from Chuck King, 534 Mountain Ave., Apt. B, Roanoke, VA 24016 and addressed to David Schneider, 1154 Lakewood Lane, Bellingham, WA 98229.  A photograph of the mailing labels is included below.



11.      Investigation revealed that 1154 Lakewood Lane, Bellingham, WA 98229 is a true and deliverable address.  David Schneider is one of the individuals associated with this address in postal databases

12.      Investigation revealed that 534 Mountain Ave., Apt. B, Roanoke, VA 24016 is a true and deliverable address.  Chuck King is one of the individuals associated with this address in postal databases.

Verified Complaint for Forfeiture *In Rem* - 3
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

13. Based on his training and experience, United States Postal Inspector Michael Harrold noted that this parcel bore multiple features that are consistent with the distribution of controlled substances and related proceeds.

**A.    *External Features of the Parcel Consistent with Drug Trafficking***

14. Review of U.S. Postal Service database information revealed that the Parcel was mailed from a different zip code than the zip code of the return address. Those who distribute controlled substances, or currency in payment for controlled substances, through the U.S. mail often provide erroneous, fictitious, and/or misleading information on mailing labels as a tactic to conceal their true identity and address from law enforcement. The zip codes for the sender address on Express and Priority Mail parcels containing controlled substances and/or proceeds are often different from the zip codes of the post offices from which the parcels were mailed.

15. Virginia is a known destination state for marijuana parcels shipped from Washington that contain marijuana. The possession and distribution of recreational marijuana remains illegal in Virginia. Proceeds from the sale and distribution of controlled substances received from Washington are often sent back from destination states as payment via the U.S. mail system, as are moneys furnished for the purchase of controlled substances.

16. Review of U.S. Postal Service databases revealed that the mailer of the Parcel used cash to pay for the postage. Those who distribute controlled substances, or currency in payment for controlled substances, through the U.S. mail often pay for postage with cash because use of a debit or credit card may allow law enforcement to identify the shipper to a known address or provide other identifiers.

17. The mailing label of the Parcel was handwritten and appeared to have been sent from one private individual to another private individual. It did not appear to be business related. Those who distribute controlled substances, or currency in payment for controlled substances, through the U.S. mail often handwrite mailing labels instead of using pre-printed labels, which is customary in business mailings.

Verified Complaint for Forfeiture *In Rem* - 4
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18.     The same telephone number was provided for both the sender and recipient of the Parcel.  Investigation revealed that this telephone number is a Voice Over Internet Protocol ("VOIP") number in Hermosa Beach, California; no individual was associated with the telephone number.  Those who distribute controlled substances, or currency in payment for controlled substances, through the U.S. mail often choose not to include telephone numbers – or provide incorrect telephone numbers – on parcels, so as not to enable law enforcement to trace their names or physical locations.

19.     The Parcel was heavily taped.  Those who distribute controlled substances, or currency in payment for controlled substances, through the U.S. mail often use excessive tape on their parcels, both in an effort to conceal any drug-related scent that might emanate from the parcel and to make the parcel less susceptible to tampering.

20.     Postal Inspector Harrold conducted a check of USPIS records and learned that on June 28, 2016, after executing a federal search warrant, the USPIS in Virginia seized $20,000 in U.S. Currency and a cellular phone inside an Express Parcel sent from Roanoke, Virginia to "Dave Schneider 1154 Lakewood Lane Bellingham, WA 98229." Photographs of the mailing label from the 2016 Parcel and the currency and cell phone it contained are included below:

//

//

//

//

//

//

Verified Complaint for Forfeiture *In Rem* - 5
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*





Verified Complaint for Forfeiture *In Rem* - 6
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

**B.**    *Further Investigation of the Parcel*

21.    Based on the information identified above, as well as his training and experience, Postal Inspector Harrold deemed there was reasonable suspicion to detain the parcel for further investigation.

22.    Postal Inspectors requested the assistance of Task Force Officer ("TFO") James Sturgill and his certified controlled substance detection K-9 partner, "Apollo." Apollo is a passive alert canine and is trained to give a "sit response" after having identified the specific location from which the odor of a controlled substance is emitting. Apollo is trained to detect the presence of marijuana, heroin, methamphetamine, and cocaine; he cannot communicate which of these substances he has detected.

23.    TFO Sturgill had Apollo do an initial search of a warehouse area in the Tukwila facility, and he did not alert on any items or areas.  Postal Inspectors then placed the Parcel in an out-of-sight location in the warehouse area, out of the view of TFO Sturgill and Apollo.  During Apollo's subsequent search of the warehouse area, he changed behavior when he approached the Parcel.  Apollo stopped, took several deep breaths, and "sat."  This was an indication to TFO Sturgill that Apollo detected an odor of a controlled substance emanating from the Parcel.

24.    Individuals who regularly handle controlled substances often leave the scent of controlled substances on the box and other packaging materials they handle. Packaging materials are often stored in close proximity to the controlled substances, thereby transferring the odor of the controlled substances to the packaging materials. Controlled substances canines (also called narcotics canines) are trained to alert on these substances.

25.    After this positive K-9 alert, Postal Inspectors applied for a warrant to search the Parcel.

**C.**    *Search of the Parcel*

26.    On July 17, 2020, the Honorable Brian A. Tsuchida, Chief United States Magistrate Judge for the Western District of Washington, issued a search warrant in

Verified Complaint for Forfeiture *In Rem* - 7
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Cause No. MJ20-438, authorizing the search of this parcel.  A photograph of the

2  unopened Parcel and search warrant is included below:



15     27.    After obtaining the search warrant, Postal Inspectors Michael Harrold and

16  Kimberly Myhrer executed the warrant and opened the Parcel.

17     28.    The Parcel contained plastic bags and another USPS box, to the top of

18  which were affixed mailing and postage labels from a previous mailing.  USPS records

19  revealed that the previous mailing was sent to 534 Mountain Ave. #B, Roanoke, VA

20  24016 and weighed over 5 pounds.  This suggests the sender was reusing a box from a

21  previously received parcel that may have contained controlled substances.  The box was

22  mailed from a post office in Bellingham, WA on July 7, 2020.  On the bottom of the

23  inner box was a mailing label containing the same information as the one on the outside

24  of the Parcel.  Photographs of the plastic bags and inner box, in situ, and the top and

25  bottom of the sealed inner box are included below:

26  //

27  //

28  //

Verified Complaint for Forfeiture *In Rem* - 8
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970





29.     Within this internal box was more packing material and a retail box for a "Crunch" amplifier.  Inspector Harrold opened the box and removed the amplifier, which was inside a plastic bag and resting in form-fitting Styrofoam.  He inspected the outside of the amplifier and saw that there were two screws missing on the bottom of the amplifier and the casing was slightly askew.  Inspector Harrold removed the remaining screws holding the top and bottom of the amplifier together.  Inside, the electrical components had been removed and replaced with a bundle that was completely wrapped

//

Verified Complaint for Forfeiture *In Rem* - 9
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

in black duct tape.  He cut off the duct tape and found several stacks of U.S. Currency.

Photographs of the inner box, packaging, and currency are included below.










//

Verified Complaint for Forfeiture *In Rem* - 10
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970







30.     The Parcel did not contain any notes, instructions, or relevant receipts.  The package did contain a receipt from Walmart that appeared to be unrelated to the contents of the package.  Those who distribute controlled substances and send the proceeds of that distribution through the U.S. mail rarely include in their parcels any explanatory information as to the source or purpose of the proceeds.  Conversely, legitimate business transactions or personal gifts involving cash or monetary instruments generally contain explanatory notes, letters, receipts, cards or coupons.

31.     The currency in the Parcel totaled $18,000.  It was comprised of 20 $10 bills ($200); 325 $20 bills ($6,500); 138 $50 bills ($6,900); and 44 $100 bills ($4,400). Those who distribute controlled substances typically use low denomination currency to

Verified Complaint for Forfeiture *In Rem* - 11
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

conduct their business.  For that reason, $20 bills are the most common bills found in seizures from U.S. mail of currency related to the distribution of controlled substances.

32.     The USPIS seized the Defendant Currency for administrative forfeiture pursuant to 19 U.S.C. §§ 1607 – 1609, by way of 21 U.S.C. § 881(d) and 18 U.S.C. § 981(d), on the grounds it constitutes proceeds of the distribution of controlled substances, or moneys furnished for the purchase of controlled substances, in violation of 21 U.S.C. §§ 841 and 846.

**D.    *Administrative Procedures***

33.     On or about September 10, 2020, the USPIS sent notice to all identified potentially interested parties that the currency from the Parcel had been seized, as required by 18 U.S.C. § 983(a)(1).  Those notices included instructions for petitioning for administrative remission of the currency or filing a claim seeking judicial process on its forfeitability.

34.     On September 17, 2020, the USPIS received an administrative claim to the Defendant Currency from David Schneider.  In his claim, Mr. Schneider explained, "I have a private verbal agreement with my friend Charles King to invest his savings into my online stock trading sources.  This is the second investment of funds Charles King gave to me after we thought the previous loan money was stolen in the mail. (Asset #20-USP-001774) $18,000."

**E.    *Prior Package Seizure Referenced by Mr. Schneider in His Claim***

35.     As discussed more fully below, the "previous loan money" that Mr. Schneider references in his claim was seized by federal law enforcement officers on June 12, 2020, as proceeds of drug trafficking and is the subject of another civil forfeiture Complaint in the Western District of Virginia.  That currency was hidden inside another "Crunch" amplifier that was mailed from Roanoke, Virginia to an address in Bellingham, Washington.  Mr. Schneider was not the named addressee on this package, but he did file a claim asserting ownership of the currency hidden within the package.  The information

Verified Complaint for Forfeiture *In Rem* - 12
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   about the circumstances surrounding the seizure of this package was provided by federal
2   law enforcement officers in the Western District of Virginia.

3       36.     On June 10, 2020, Dean Akers retrieved a USPS Priority Mail parcel at the
4   South Roanoke Station Post Office in Roanoke, Virginia.  The return address information
5   on the parcel was "Christina Gatmaytan, 2816 Moore St., Bellingham, WA 98226."  The
6   parcel was addressed to Dean Akers, 5459 Clearwood Dr., Roanoke, VA 24014.

7       37.     After retrieving the parcel, Mr. Akers drove from the South Roanoke
8   Station Post Office to his residence at 5459 Clearwood Drive, Roanoke, VA 24014.
9   While in his residence, Mr. Akers placed a large sum of U.S. Currency inside a container.

10      38.     Charles King took the container with U.S. currency from Mr. Akers'
11  residence and drove to the Cave Spring Branch Post Office located in Roanoke, Virginia.

12      39.     Mr. King mailed this container on June 10, 2020, which was labeled as
13  USPS Priority Mail Express box #EJ283242759US (the "June Parcel").  The June Parcel
14  was addressed to Maria Gatmaytan, 2816 Moore St., Bellingham, Washington 98226.
15  The sender information on the package was "C.B. Kane, 549 Mtn Ave, Rke, VA 24016."
16  A photograph of the outside of the June Parcel is included below:

17
18  //
19
20  //
21
22  //
23
24  //
25
26  //
27
28  //

Verified Complaint for Forfeiture *In Rem* - 13
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

1
2
3
4
5
6
7
8
9
10
11
12
13



14      40.     On June 10, 2020, law enforcement executed a search warrant at Mr.

15  Akers' residence.  During the search, detectives seized cocaine, marijuana, and firearms

16  from the residence.  In an interview during the execution of the search warrant, Mr. Akers

17  told law enforcement that he received marijuana and tetrahydrocannabinol (THC) wax

18  from the state of Washington.  Mr. Akers also said that Mr. King collected money in

19  Roanoke and sent it to David Schneider in Washington state as payment for the marijuana

20  and THC wax.  Mr. Akers told law enforcement that the amount of money Mr. King sent

21  to Mr. Schneider was in the high teens of thousands.

22      41.     On June 11, 2020, Postal Inspector McCafferty requested the assistance of

23  Roanoke Police Department Officer A.S. Goad and his narcotic detection canine,

24  "Kratos." The June Parcel was placed in a blind parcel lineup and subjected to an exterior

25  search by Katros, who positively altered to the June Parcel.  Officer Goad indicated that

26  this positive alert meant that Kratos detected the odor of an illegal drug emanating from

27  the June Parcel.

28

Verified Complaint for Forfeiture *In Rem* - 14
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

1    42.    On June 12, 2020, Postal Inspector Sean McCafferty obtained a federal

2    search warrant, Cause No. 7:20MJ-73, to search the June Parcel from Western District of

3    Virginia Magistrate Judge Robert S. Ballou.  Postal Inspector McAlister and Roanoke

4    County Police Department Detective Knicely executed the search warrant on June 12,

5    2020.

6    43.    When they opened the June Parcel, they found $18,900 in U.S. Currency,

7    vacuum sealed, placed in a large silver Mylar bag, and concealed within a "Crunch"

8    Amplifier.  The currency consisted of 33 $100 bills ($3,300); 22 $50 bills ($1,100); 683

9    $20 bills ($13,660); and three $10 bills ($30).  Photographs of the contents of the June

10   Parcel are included below:

11   //

12

13   //

14

15   //

16

17   //

18

19   //

20

21   //

22

23   //

24

25   //

26

27   //

28

Verified Complaint for Forfeiture *In Rem* - 15
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970






Verified Complaint for Forfeiture *In Rem* - 16
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970



44.     On September 3, 2020, Mr. Schneider filed a claim with the USPIS for return of the $18,900 seized from the June Parcel.  Mr. Schneider was not, however, the listed recipient of the June Parcel.  Both Ms. Gatmaytan, the listed recipient, and Mr. King, the sender, were notified of the impending forfeiture by Certified Mail.  Neither filed claims in the administrative forfeiture procedure.

45.     On October 5, 2020, Mr. Akers was arrested, based on an Indictment filed in Roanoke County, Virginia Circuit Court, for distribution of marijuana, distribution of cocaine, and possession of a firearm by a convicted felon.

46.     On November 12, 2020, a Verified Complaint for Forfeiture *In Rem* was filed against the $18,900 in U.S. Currency seized from the June Parcel, in the Western District of Virginia (Cause No. 7:20-cv-00666).

**F.     *Additional Mailing Activity***

47.     Review of U.S. Postal Service databases revealed that approximately 27 Express or Priority parcels have been mailed from Roanoke, Virginia to 1154 Lakewood Lane, Bellingham, WA 98229 between January 3, 2020 and September 25, 2020.  Six of these packages were mailed after the seizure of the Defendant Currency on July 17, 2020.  The 27 parcels range from less than 1 pound to 9.18 pounds.  The parcels were all "retail" parcels, meaning they were paid for over the counter.

//

Verified Complaint for Forfeiture *In Rem* - 17
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## V.    REQUEST FOR RELIEF

As required by Supplemental Rule G(2)(f), the facts set forth in this Verified Complaint support a reasonable belief that the United States will be able to meet its burden of proof at trial.  More specifically, there is probable cause to believe that the Defendant Currency is forfeitable pursuant to 21 U.S.C. § 881(a)(6) because it constitutes moneys furnished, or intended to be furnished, in exchange for a controlled substance or proceeds from such an exchange, in violation of 21 U.S.C. §§ 841(a)(1) (distribution of controlled substances) and 846 (attempt or conspiracy to distribute controlled substances).

WHEREFORE, the United States respectfully requests:

1.    A warrant issue for the arrest of the Defendant Currency;

2.    That due notice be given to all interested parties to appear and show cause why the Defendant Currency should not be forfeited;

3.    The Defendant Currency be forfeited to the United States for disposition according to law; and,

4.    For such other and further relief as this Court may deem just and proper.

DATED this *15th* day of December, 2020.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA  98101
(206) 553-2242
Krista.Bush@usdoj.gov

Verified Complaint for Forfeiture *In Rem* - 18
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

## **VERIFICATION**

1
2      I, Michael D. Harrold, am a Postal Inspector with the United States Postal
3  Inspection Service ("USPIS"), assigned to investigate the unlawful transportation of
4  contraband, including Title 21 controlled substances, through the United States mail.  I
5  have been a Postal Inspector since December, 2018, and I am currently assigned to the
6  Seattle Division Headquarters office, located in Seattle, Washington.  I have completed
7  the Criminal Investigator Training Program (CITP) at the Federal Law Enforcement
8  Training Center (FLEC).  I completed the Naval Criminal Investigative Service (NCIS)
9  Special Agent Basic Training Program in 2011 and served as a Special Agent with NCIS
10  from 2011 to 2018.  From 2001 to 2011, I was a Trooper with the Georgia State Patrol
11  (GSP), completing Trooper School at the Georgia Public Safety Training Center
12  (GPSTC).  I also served as a Police Officer with the Marietta, GA Police Department
13  from 1999 to 2001.  I have received training on the identification of controlled substances
14  and interdiction of controlled substances.

15      As part of my duties as a Postal Inspector, I investigate incidents in which the
16  United States mail system is used for the purpose of transporting illegal materials,
17  including controlled substances such as marijuana, cocaine, methamphetamine, and
18  heroin, as well as proceeds of the sale of controlled substances, in violation of Title 21,
19  United States Code, Sections 841(a)(1), 843(b), and substances mailed in violation of
20  Title 18, United States Code, Section 1716 (injurious articles).  I have received
21  specialized training in the investigation of controlled substances in the United States
22  mails, including identifying parcels with characteristics of criminal activity.  I have also
23  received training on the identification of controlled substances and interdiction of
24  controlled substances.  During the course of my employment as a law enforcement
25  officer, I have participated in many criminal investigations involving suspicious parcels
26  and controlled substances.

27      I am an investigating or law enforcement officer of the United States within the
28  meaning of 18 U.S.C. § 2510(7), in that I am empowered by law to conduct

Verified Complaint for Forfeiture *In Rem* - 19
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

investigations and to make arrests for federal offenses.  I furnished the investigative facts contained in the foregoing Verified Complaint for Forfeiture *In Rem*.  The investigative facts are based on personal knowledge I obtained from my involvement in the underlying investigation, my review of the relevant investigative material, other law enforcement officers involved in the investigation, other reliable official Government sources, and my own training and experience.

I hereby verify and declare, under penalty of perjury pursuant to 28 U.S.C. § 1746, that I have read the foregoing Verified Complaint for Forfeiture *In Rem*, that I know its contents, and that the facts it contains are true and correct to the best of my knowledge.

Executed this **15TH** day of December, 2020.

MICHAEL D. HARROLD
Postal Inspector
United States Postal Inspection Service

Verified Complaint for Forfeiture *In Rem* - 20
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA, | $18,000 IN U.S. CURRENCY, AND ANY ACCRUED INTEREST |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Krista K. Bush, Assistant United States Attorney
700 Stewart Street, Suite 5220, Seattle, Washington 98101-1271
(206) 553-2242, Facsimile: (206) 553-6934

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1   U.S. Government
          Plaintiff

[ ] 2   U.S. Government
          Defendant

[ ] 3   Federal Question
          *(U.S. Government Not a Party)*

[ ] 4   Diversity
          *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [X] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane            [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product                Product Liability |  |  | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument |         Liability        [ ] 367 Health Care/ |  | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &                Pharmaceutical |  | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
|        & Enforcement of Judgment |         Slander                Personal Injury |  | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'                Product Liability |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted |         Liability        [ ] 368 Asbestos Personal |  | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and |
|        Student Loans | [ ] 340 Marine                Injury Product |  | [ ] 880 Defend Trade Secrets |        Corrupt Organizations |
|        (Excludes Veterans) | [ ] 345 Marine Product                Liability |  |        Act of 2016 | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment |         Liability       **PERSONAL PROPERTY** | **LABOR** |  |        (15 USC 1681 or 1692) |
|        of Veteran's Benefits | [ ] 350 Motor Vehicle      [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle      [ ] 371 Truth in Lending |        Act | [ ] 861 HIA (1395ff) |        Protection Act |
| [ ] 190 Other Contract |         Product Liability   [ ] 380 Other Personal | [ ] 720 Labor/Management | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal                Property Damage |        Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ |
| [ ] 196 Franchise |         Injury        [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI |        Exchange |
|  | [ ] 362 Personal Injury -                Product Liability | [ ] 751 Family and Medical | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
|  |         Medical Malpractice |        Leave Act |  | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS**        **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 791 Employee Retirement | [ ] 870 Taxes (U.S. Plaintiff | [ ] 895 Freedom of Information |
| [ ] 220 Foreclosure | [ ] 441 Voting              [ ] 463 Alien Detainee |        Income Security Act |        or Defendant) |        Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment         [ ] 510 Motions to Vacate |  | [ ] 871 IRS—Third Party | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/                Sentence |  |        26 USC 7609 | [ ] 899 Administrative Procedure |
| [ ] 245 Tort Product Liability |         Accommodations   [ ] 530 General |  |  |        Act/Review or Appeal of |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities-  [ ] 535 Death Penalty | **IMMIGRATION** |  |        Agency Decision |
|  |         Employment         **Other:** | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of |
|  | [ ] 446 Amer. w/Disabilities-  [ ] 540 Mandamus & Other | [ ] 465 Other Immigration |  |        State Statutes |
|  |         Other               [ ] 550 Civil Rights |        Actions |  |  |
|  | [ ] 448 Education          [ ] 555 Prison Condition |  |  |  |
|  |                            [ ] 560 Civil Detainee - |  |  |  |
|  |                                 Conditions of |  |  |  |
|  |                                 Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1   Original
          Proceeding

[ ] 2   Removed from
          State Court

[ ] 3   Remanded from
          Appellate Court

[ ] 4   Reinstated or
          Reopened

[ ] 5   Transferred from
          Another District
          *(specify)*

[ ] 6   Multidistrict
          Litigation -
          Transfer

[ ] 8   Multidistrict
          Litigation -
          Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1) and 846.

Brief description of cause:
Moneys furnished or intended to be furnished in exchange for controlled substances or constituting proceeds of such an exchange.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION
    UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [X] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions:)*

JUDGE _____        DOCKET NUMBER _____

DATE   12-15-2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

$18,000 IN U.S. CURRENCY,
AND ANY ACCRUED INTEREST,

Defendant.

NO. CV20-1811

**WARRANT OF ARREST *IN REM***

TO:   UNITED STATES MARSHALS SERVICE,
*and/or its duly authorized agents and representatives*

WHEREAS, a Verified Complaint for Forfeiture *in Rem* has been filed on

December 15, 2020, in the United States District Court for the Western District of

Washington, alleging the above-captioned $18,000 in U.S. Currency and Any Accrued

Interest (hereafter "the Defendant Currency") is subject to seizure and forfeiture to the

United States pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841(a)(1)

(distribution of controlled substances) and 846 (attempt or conspiracy to distribute

controlled substances);

WHEREAS, as reflected in the Verified Complaint, the Defendant Currency is in

the government's possession, custody, and control;

Warrant of Arrest *In Rem* - 1
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    YOU ARE, THEREFORE, HEREBY COMMANDED, pursuant to Supplemental

2  Rule G(3)(b)(i) of the Federal Rules of Civil Procedure, to arrest and seize the Defendant

3  Currency; and,

4    YOU ARE FURTHER COMMANDED that, after executing this arrest and

5  seizure, you promptly file a record so reflecting in this Court.

6

7    DATED this _____ day of _____, 2020.

8

9                    WILLIAM M. McCOOL

10                   UNITED STATES DISTRICT COURT CLERK

11

12          By: _____

13                   DEPUTY CLERK

14

15

16

Presented by:

17

18  _____

19  KRISTA K. BUSH

    Assistant United States Attorney

20  United States Attorney's Office

21  700 Stewart Street, Suite 5220

    Seattle, WA  98101-1271

22  Telephone: (206) 553-2242

23  Email: Krista.Bush@usdoj.gov

24
    *NOTE*:  *This warrant is issued pursuant to Rule G(3) of the Supplemental Rules for Admiralty or*
25  *Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure.*

26

27

28

Warrant of Arrest *In Rem* - 2
*United States v. $18,000 in U.S. Currency and Any Accrued Interest*

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970